UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>                     Plaintiff<br><br>v.<br><br>FERNANDO ZUNIGA, *et al.*,<br><br>                     Defendants | Case No.  2:22-cv-01060-GMN-BNW<br><br>**ORDER** |

      This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff paid the full filing fee in this matter. (ECF No. 5.)  The Court entered a screening order on September 29, 2022. (ECF No. 11.)  The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF No. 11, 14.)  The parties participated in a mediation session, but they did not reach a settlement. (ECF No. 17.)  Accordingly, the Court will lift the stay in this case and set the case back on a standard litigation track.

      During the stay, Plaintiff filed a motion to correct the order assigning this case to mediation.  (ECF No. 15.)  In particular, Plaintiff states that the Court order incorrectly referred to him as an inmate.  (*Id.*)  Plaintiff states that it is an "undisputable fact" that he is being "held without warrant at Ely State Prison." (*Id.* at 1.)  Plaintiff appears to state that the Court can confirm that Plaintiff is being illegally held by reaching out to the Federal Bureau of Investigation.  (*Id.* at 2.)

      According to Plaintiff's amended complaint, he is currently incarcerated at Ely State Prison.  (ECF No. 9.)  As such, Plaintiff is currently an inmate, and his motion for a correction is denied.  Furthermore, the Court notes that Plaintiff cannot use this civil rights case to challenge the legality of his incarceration.  If Plaintiff wishes to challenge his incarceration, he must do so in a habeas corpus petition.  Whether or not Plaintiff is being held illegally is not relevant to Plaintiff's excessive force claim in this case.

In his motion, Plaintiff also states that he believes that his life is in danger and that he might be blocked from attending the mediation conference. (ECF No. 15 at 2.) The motion states that "Plaintiff requires this court to take the best course of action to ensure that Plaintiff is safe and interviewed by federal authorities before" the mediation conference. It is not clear what Plaintiff is requesting as there are no federal authorities involved in this case. Plaintiff is bringing a civil rights claim alleging that a state employee used excessive force during his incarceration. (ECF No. 9.) The Court reiterates that Plaintiff cannot use this case to challenge the legality of his incarceration. Furthermore, the mediation conference has already taken place. As such, the Court denies Plaintiff's request as moot.

Plaintiff has also filed a motion requesting a transcript of the mediation conference. (ECF No. 18.) There are no transcripts of the mediation conference. Mediation conferences are confidential, and no transcripts are made during mediation discussions. A brief record is made at the end of the mediation session, noting who participated in the mediation, and whether the parties reach a settlement. However, it does not appear that Plaintiff is requesting a transcript of this brief record. Rather, it appears that Plaintiff is requesting a transcript of the mediation discussions themselves. Because no such transcript exists, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's amended complaint (ECF No. 9) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

2. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

3. Subject to the findings of the screening order (ECF No. 11), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it

accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4.    If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5.    If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **sixty (60) days** from the date of this order.

6.    Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service

when required.

7. This case is no longer stayed.

8. Plaintiff's motion to correct the Court's order setting the mediation conference (ECF No. 15) is DENIED.

9. Plaintiff's motion for a transcript of the mediation conference (ECF No. 18) is DENIED.

DATED: March 17, 2023.

_____
UNITED STATES MAGISTRATE JUDGE