UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN ERIC GOULD,  )
          Plaintiff,  )  Case No.: 2:22-cv-01060-GMN-BNW
vs.  )
            )  **ORDER**
FRANCISCO ZUNIGA, *et al.*,  )
          Defendants.  )

Pending before the Court is Plaintiff Steven Eric Gould's ("Plaintiff") Objection/Appeal of the Magistrate Judge's Order, (ECF No. 20), denying Plaintiff's Motion to Correct the Order Setting Inmate Early Mediation Conference, (ECF No. 15). Defendant Francisco Zuniga[1] ("Defendant") filed a Response, (ECF No. 22).

For the reasons discussed below, the Court **OVERRULES and DENIES** Plaintiff's Objection.

I. **BACKGROUND**

This case arises from Plaintiff's contention that Defendants Francisco Zuniga and Calvin Johnson ("Defendants") violated his civil rights during his incarceration at High Desert State Prison ("HDSP") by using excessive force in violation of the cruel and unusual clause of the Eighth Amendment. (*See generally* Am. Compl., ECF No. 9 and Screening Order, ECF No. 11).

---

[1] Defendant is listed as Fernando Zuniga on the docket because Plaintiff mistakenly named him as Fernando Zuniga in his Amended Complaint. (*See* Am. Compl., ECF No. 9). Defendant's Notice of Acceptance of Service clarifies that his name is in fact Francisco Zuniga. (*See generally* Acceptance of Service, ECF No. 21).

On November 7, 2022, the Magistrate Judge entered an Order referring the case to the Inmate Early Mediation Program to enable the parties to meet and potentially facilitate an early resolution of this action. (Order Setting Inmate Early Mediation Conference, ECF No. 14). Plaintiff subsequently filed a Motion to Correct the Magistrate Judge's Order Setting Inmate Early Mediation Conference, arguing that the Order improperly referred to him as an "inmate" when it is an "undisputable fact" that he is now being "held without warrant at Ely State Prison." (Mot. Correct at 1, ECF No. 15).

The Magistrate Judge denied Plaintiff's Motion to Correct, reasoning that because Plaintiff's Amended Complaint provides that he is incarcerated at Ely State Prison ("ESP") "[he] is currently an inmate . . . ." (Magistrate Judge Order 1:23–24, ECF No. 19). The Magistrate Judge further observed that to the extent Plaintiff was challenging his underlying conviction, "[he] cannot use this civil rights case to challenge the legality of his incarceration." (*Id*. 1:25–26). Plaintiff then filed the instant Objection/Appeal of the Magistrate Judge's Order, (ECF No. 20), challenging both of the Magistrate Judge's determinations. (*Id*.). The Court discusses Plaintiff's Objection/Appeal of the Magistrate Judge's Order below.

## II.   LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16,

2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### III. DISCUSSION

Plaintiff's objection that he should not be referred to as an "inmate" relies largely upon his contention that his conviction is illegal and invalid because he is allegedly a sovereign law enforcement officer. (*See generally* Objection/Appeal Magistrate Judge Order). At the outset, the Court finds that the Magistrate Judge correctly determined that "Plaintiff cannot use this civil rights action to challenge the legality of his sentence." (Magistrate Judge Order 1:25–26). When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

Plaintiff claims to be a victim of kidnapping, conspiracy, and human trafficking. (ECF No. 20 at 6). Put differently, Plaintiff's contention seems to be that his conviction is invalid because the State of Nevada has no jurisdiction over him as he is a sovereign with immunity. "'While many various sub-groups and ideologies may fall under the Sovereign Citizen

1  umbrella, the overarching unifying principle is the belief that 'even though they physically
2  reside in this country, they are separate or 'sovereign' from the United States.'" *United States v.*
3  *Rettig*, No. 2:21-cv-01904, 2021 WL 5894068, at *2 (D. Nev. Nov. 12, 2021).  The thrust of
4  the sovereign citizen, or in this case law enforcement, belief is that the applicable "state court
5  did not have jurisdiction over [the] petitioner in [their criminal case]" because the petitioner is
6  not subject to government authority. *Bland v. Warden*, No. 2:21-cv-00518, 2022 WL 1597730,
7  at *2 (E.D. Cal. May 19, 2022).

8      Contrary to Plaintiff's contention, "all arguments based on sovereign citizen ideology
9  have been uniformly rejected by courts across the country as 'frivolous, irrational, or
10 unintelligible.'" *Bland*, 2022 WL 1597730, at *2 (quoting *Mackey v. Bureau of Prisons*, No.
11 1:15-cv-1934, at *1 (E.D. Cal. June 14, 2016); *see Blakeley v. Gunderson*, No. 3:22-cv-00035,
12 2022 WL 18025228, at *2 (D. Alaska Dec. 30, 2022) ("It is undisputable that the Alaska
13 District Court had jurisdiction to adjudicate the State of Alaska's claims against Mr.
14 Blakeley."); *Hale*, 2021 WL 5894068, at *2 ("Courts have repeatedly and empathetically
15 rejected claims based on sovereign citizen theories as frivolous.") (citing *United States v. Ward*,
16 182 F.3d 930, 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen
17 arguments are "frivolous" and that "courts ordinarily reject similar contentions without
18 extended argument"); *Clarke v. Allen*, No. 3:17-cv-00582, 2020 WL 3510921, at *2 (D. Nev.
19 June 29, 2020) ("Plaintiff's filings make it evident that he adheres to the same type of
20 'sovereign citizen' theories that have been flatly rejected by this nation's courts.").  Indeed, the
21 Ninth Circuit specifically has repudiated such arguments as "utterly meritless." *United States v.*
22 *Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).  Accordingly, the Plaintiff has failed to meet his
23 burden that the Magistrate Judge's use of the term "inmate" was clearly erroneous or contrary
24 to law.

For the reasons set forth above, Plaintiff's argument that he should not be referred to as an inmate is frivolous.  In fact, Plaintiff's Amended Complaint identifies that he is currently incarcerated at ESP. (*See generally* Am. Compl.).  As the government notes in its Response, Plaintiff is serving a life sentence with the possibility of parole and his conviction is a public record.  Therefore, the Magistrate Judge did not clearly err in referring to Plaintiff as an "inmate."[2]  Accordingly, Plaintiff's Objection/Appeal of the Magistrate Judge's Order is OVERRULED and DENIED.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection/Appeal, (ECF No. 20), is OVERRULED and **DENIED**.

**DATED** this __9__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Separately, Plaintiff also requests the Court "refer the foregoing facts to the Postal Inspector for the United States Postal Service" to investigate this case. (Objection/Appeal Magistrate Judge Order at 7).  However, "private parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government." *Maine v. Taylor*, 477 U.S. 131, 137 (1986).  And the Court does not have the authority to compel the Postal Inspector to enact legal process or investigate a case. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (affirming denial of request for a writ of mandamus to compel FBI to investigate plaintiff's charges of criminal violations of his civil rights because "[i]nitation of a criminal investigation by the FBI is clearly a discretionary act"); *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam) ("First, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another," and "[s]econd, prosecutorial discretion may not be controlled by a writ of mandamus."); *Small Bus. In Transp. Coal. v. U.S. Dep't of Transp.*, No. 20-cv-883, 2020 WL 4732099, at *2–3 (D.D.C. Aug. 14, 2020) (denying request for writ of mandamus to order the Department of Transportation's Office of Inspector General to investigate, arrest, and seek prosecution of individuals because "the decision whether or not to prosecute is a discretionary decision left to the Executive Branch " and because courts generally "will not grant an individual's request to mandamus a law enforcement agency, such as the Department of Transportation's Office of Inspector General, to engage in an investigation").