UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Steven Eric Gould, | Case No. 2:22-cv-01060-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Fernando Zuniga, *et al.*, | |
| Defendants. | |

Before the Court is Defendant Fernando Zuniga's Motion for Judicial Notice. ECF No. 27. Plaintiff both opposed (ECF No. 29) and filed a Motion to Strike Defendant's Motion (ECF No. 30). Defendant Zuniga replied at ECF No. 31.[1]

This case arises from Plaintiff's contention that Defendants Zuniga and Calvin Johnson violated his civil rights during his incarceration by using excessive force in violation of the cruel and unusual clause of the Eighth Amendment. ECF Nos. 9, 11.

By way of background, Plaintiff has previously filed several motions complaining that he is not an inmate. ECF Nos. 15, 20, 24. The Court has previously found he is, in fact, an inmate. ECF Nos. 19, 20. Nevertheless, Plaintiff continues insisting that he is not. ECF Nos. 24, 30.

**I.  Analysis**

Rule 201 of the Federal Rules of Evidence ("Fed. R. Evid.") allows courts to take judicial notice of adjudicative facts. *See* Fed. R. Evid. 201. Such facts are ones not subject to reasonable dispute inasmuch as they are either: "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court is required to take such judicial

---

[1] Plaintiff's reply is not yet due, but the Court need not wait for his reply to rule on the pending motions.

notice when "requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "Judicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(e). In civil proceedings, "the court shall instruct the jury to accept as conclusive any fact judicially noticed." Fed. R. Evid. 201(f).

Defendant Zuniga attached an NDOC Inmate search document demonstrating that Steven Gould, with ID number 1249076, is currently an inmate. ECF No. 27-1. Moreover, Plaintiff concedes that at the time he filed his complaint he was detained at High Desert State Prison. ECF No. 1-1 at 1. Moreover, on July 18, 2022, based on Plaintiff's notification of a change of address, the Court updated his address to reflect he is currently detained at Ely State Prison. What is more, Plaintiff's Motion to Strike was filed from an email address belonging to the Ely State Prison.

Unfortunately, the Court cannot rely on Defendant's exhibit to take judicial notice of the fact that Plaintiff is an inmate. The document itself states that it is "raw data" and does "not guarantee the data is error free." As such, this does not come within the definition of Fed. R. Evid. 201, as it is not the type of document "whose accuracy cannot reasonably be questioned."

To be clear, this does not mean that Plaintiff is not an inmate. He is, indeed, an inmate. As such, Plaintiff is put on notice that any further motions or notices dealing with this issue will simply be stricken. In turn, Defendants need not answer any such motions or notices. This should resolve Defendant's concerns regarding the expenditure of his resources and avert the Court from having to waste judicial resources on an issue that has already been addressed.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Fernando Zuniga's Motion for Judicial Notice (ECF No. 27) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff Steven Eric Gould's Motion to Strike (ECF No. 30) is DENIED as moot.

DATED: June 13, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE