UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN GOULD, | Case No. 2:22-cv-01060-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| FERNANDO ZUNIGA, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Steven Gould's Motion to Compel Discovery. ECF No. 40. Defendant opposed at ECF No. 44 and Plaintiff replied at ECF No. 46. The Court will deny the motion as (1) it does not comply with LR 26-6 and (2) some of the requests are not relevant.

**I.   BACKGROUND**

This case proceeds on an Eighth Amendment excessive force claim against Defendant Zuniga. ECF No. 11. The allegations can be summarized as follows: Zuniga used excessive force when Gould, who was handcuffed at the time, attempted to speak to Zuniga about the denial of yard time at the prison.

Plaintiff's motion requests "rescue assistance" and explains that he is "an undercover METRO official in custody unlawfully in violation of the Fourth Amendment." Plaintiff's motion requests discovery on the following categories: (1) documents having to do with his background (*i.e.*, CJIS, NCIC) to show that he has no convictions and, as a result, "is not an inmate" and that the use of force pursuant to the prison regulations is not authorized, (2) production of "all documents listed within Defendants' initial disclosures," (3) his health records "which prove he is unlawfully confined" and therefore the use of force pursuant to the prison regulations is not authorized, (4) medical records for Defendant Zuniga, and (5) video recording to show Defendant Zuniga's report is "false."

## II. ANALYSIS

### A. FRCP 26(b)

Rule 26(b) provides, in relevant part, that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(B). It appears that Plaintiff is seeking information to show that the regulations under which Defendant ostensibly justifies his conduct are not applicable given that he is not an inmate. In parallel, he explains that he is an undercover METRO officer and is unlawfully imprisoned.

Categories Nos. 1 and 3 are not relevant to the claim. This Court has previously explained that, despite Plaintiff's belief to the contrary, he is an inmate. ECF No. 34. This is so because he is in custody. Whether he is lawfully incarcerated or not is a different question—the answer to which lies by pursuing a habeas corpus claim (not an Eighth Amendment violation claim).

### B. LR 26-6

Local Rule 26-6 states that motions to compel must set forth "the text of the discovery originally sought and any response to it." Plaintiff has not included his requests (or any responses to them). As a result, the Court cannot complete the needed analysis to determine whether there is a basis to compel the information sought.

As to Categories Nos 2, 4, and 5, Plaintiff can re-file a motion that complies with LR 26-6.

///

2

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion at ECF No. 40 is DENIED.

**IT IS FURTHER ORDERED** that the hearing set for October 16, 2023 is VACATED.

DATED this 11th day of October 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

3